IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BOBBY T. FAIRS                                                                                    PLAINTIFF

v.                                                                                       No. 2:04CV353-M-B

BOLIVAR COUNTY SHERIFF'S
DEPARTMENT, ET AL.                                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Bobby T. Fairs, challenging the condition of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed suit. The plaintiff claims that on September 21, 2004, the defendants wrongfully released him from custody into a harmful environment – the free world. He characterizes the free world as harmful because, at the time of his release, he was homeless; he had neither a place to stay nor any means of gainful employment. He had no money to pay for prescription medications, and meeting his physical needs – such as food and shelter – was difficult on a day-to-day basis, even with food stamps. The plaintiff was arrested on November 10, 2004, on a charge of burglary - ostensibly because he had no legal means to support himself. The plaintiff argues that the defendants should have permitted him to stay in jail until the expiration of his sentence and that, if they had done so, he would have been better prepared to face life in the free world. Thus, he claims, his burglary charge would have been "obsolete." In other words, the plaintiff argues that the defendants are responsible for the burglary because the plaintiff could not have committed that crime had he still been in jail – or at least if he had stayed in jail longer. The plaintiff seeks $250,000.00 in damages from each defendant and to have his pending burglary charge dropped.

The allegations in the instant complaint fail to state a valid claim under 42 U.S.C. § 1983. Jails are under no obligation to house prisoners until they feel fit to face the outside world, and federal courts cannot mandate the dismissal of state charges in a § 1983 case. For these reasons, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of May, 2005.

                                                 **/s/ Michael P. Mills**
                                          **UNITED STATES DISTRICT JUDGE**